UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TENNY JOURNAL COMMUNICATIONS, INC., <br>          Plaintiff, <br> v. <br> VERIZON NEW JERSEY INC., *et al.,* <br>          Defendants. | Civil Action No. 2:19-cv-19183 (JXN) (AME) <br><br> **OPINION** |

**NEALS,** District Judge:

**THIS MATTER** comes before the Court on Plaintiff Tenny Journal Communications, Inc.'s ("Plaintiff" or "Tenny") Emergent Motion for Preliminary Injunction to compel Defendant Verizon New Jersey Inc. ("Defendant" or "Verizon NJ"), to restore and maintain services to Tenny's pay phones until this matter is adjudicated. (ECF No. 91).[1] Defendant opposed. (ECF No. 97). Plaintiff replied in further support. (ECF No. 99). The Court heard oral argument and considered the parties' submissions. For the reasons set forth below, Plaintiff's Emergent Motion for a Preliminary Injunction is **DENIED.**

**I. BACKGROUND**[2]

This matter arises from an ongoing dispute between the parties pertaining to a January 26, 2017 agreement for telecommunications services (the "Agreement"). (Second Am. Compl. ¶ 7, ECF

---

[1] Plaintiff's original application, filed March 29, 2021, was for an Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order ("TRO") pending the hearing on the Order to Show Cause. (*Id.*). The Court entered an Order denying Plaintiff's ex-parte application for a TRO and directed the application be treated as a motion to proceed in the normal course. (*See* Text Order, March 30, 2021, ECF No. 90).

[2] The Court assumes the parties' familiarity with the facts of this case and will only discuss the background and facts necessary to decide the instant motion. For the purposes of this Opinion only, the Court adopts an abbreviated naming convention for submissions from the parties to the Court.

1

No. 112). The parties contracted for the provision of telecommunication services for over eight hundred pay phones across New Jersey. (*Id*. ¶ 12). The Agreement is governed by federal laws, the laws of the state of New Jersey and incorporates federal telecommunications law, including FCC regulations. (*Id*. ¶¶ 9-10).

On March of 2017, Tenny filed suit in the Superior Court of New Jersey, Bergen County seeking to compel Verizon NJ to turn-over the access codes for the pay phones and address "improper billing" issues (*See Tenny Journal Communications, Inc., a New Jersey Corporation v. Verizon New Jersey Inc. for the State of New Jersey*, Dkt. No. BER-L-6696-19). Tenny asserts that during that litigation, Verizon NJ demanded it pay a deposit of $80,000 as a condition of providing services, which Tenny paid. (*See* Cory Aff. ¶10, ECF No. 91-2). On October 21, 2019, Verizon NJ removed the action to the United States District Court for the District of New Jersey. (ECF No. 1).

On February 5, 2020, Tenny filed a six-count Amended Complaint asserting breach of the Agreement, (First Count); violation of the Communications Act of 1934, as amended by the Telecommunications Act of 1996, 47 U.S.C. § 151, *et seq*., (Second Count); breach of the implied covenant of good faith and fair dealing, (Third Count); violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq*., (Fourth Count); a separate claim for breach of contract related to certain billing disputes, (Fifth Count); and a similar breach of contract claim against co-Defendant Verizon PA, (Sixth Count). (Am. Compl. ¶¶ 65-114, ECF No. 21).

On February 19, 2020, Verizon NJ filed a Partial Motion to Dismiss Tenny's Amended Complaint for failure to state a claim and lack of personal jurisdiction. (ECF No. 26). In a Letter Order dated September 28, 2020, the Court granted Defendant's motion and dismissed the First, Second, Third, Fourth, and Sixth Counts of Plaintiff's Amended Complaint. (ECF No. 56). Additionally, the Court dismissed all claims against co-defendant Verizon Pennsylvania LLC in the Amended Complaint concluding the Court lacked specific personal jurisdiction over it. (*Id*. at 6).

On November 24, 2020, Michael Treat, Senior Manager, Wholesale Financial Operations, in Verizon Corporate Finance ("Mr. Treat"), sent a letter via email to Tenny's CEO, John Cory ("Mr. Cory"). (Treat Decl., Ex. 3, ECF No. 97-2).  The letter stated that "based on [Tenny's] failure to timely pay two or more bills in the preceding 12 months" and in accordance with section 6.3 of the parties' Agreement, Verizon NJ now required Tenny to post a Letter of Credit in the amount of $71,493.99. (*Id.*). That same day, Mr. Cory replied to Mr. Treat's email asserting that "[t]his [matter] is currently being litigated and all action is on hold until overcharge issue is resolved." (*Id*. at Ex. 4). The parties continued to exchange email communications through January 4, 2021. (*Id.* at Ex. 5-9). During these exchanges, Verizon NJ continued to request Tenny provide a Letter of Credit and noted that it was "under no obligation to continue to perform services under the [A]greement until Tenny provides assurance of payment." (*Id*.). Tenny, on the other hand, maintained its position that Verizon NJ could not take any further action with regards to the services it provides Tenny during the pendency of this litigation. (*Id*.).

On January 6, 2021, Mr. Cory sent a letter to the FCC with the subject line that read, "Threat to interrupt service, failure to provide account representative." (*Id*. at Ex. 10; Corigliano[3] Cert., Ex. 1, ECF No. 99-1 ¶¶ 1-2). In his letter, Mr. Cory advised the FCC of Tenny's "federal action against Verizon [NJ]" and stated that "a rogue employee of Verizon[, which he identified therein as Michael Treat], was threatening [Tenny] to send $100,000 security on [its] account or he will interrupt service. …HE MUST CEASED [sic] HIS THREATS…" (*Id*.). The FCC forwarded Mr. Cory's letter to Verizon NJ as an "informal complaint." (Treat Decl., Ex. 10, ECF No. 97-2).

On January 14, 2021, Luis Roeder, Verizon Executive Relations Team, wrote to the FCC on behalf of Verizon NJ, he acknowledged receipt of the informal complaint and shared some

---

[3] John Corigliano also goes by the name "John Cory". (Pl.'s Moving Br. at 1, n1, ECF No. 91-4).

3

information regarding the parties' disputes. (*Id*. at Ex. 11). Verizon advised the FCC that it "ha[d] exercised a contractual right to demand adequate assurance of payment, because Tenny does not pay its bills [and] Tenny has refused to provide adequate assurance." (*Id*.). That day, the FCC emailed Mr. Cory advising that they had received a response from Verizon NJ, a copy of which would be provided within ten days. (Corigliano Cert., Ex. 2, ECF No. 99-3). The FCC instructed Mr. Cory to review Verizon NJ's response and notify the FCC if any issues remained unresolved. The FCC further advised that "[i]f we do not hear from you within 30 days, your ticket will be closed." (*Id*.). On April 23, 2021, Mr. Cory sent a letter to the FCC stating, "I wish to withdraw my complaint #4668902 filed 1/5/21…" and requesting confirmation of his withdrawal. (Corigliano Cert., Ex. 4, ECF No. 99-4).

On March 29, 2021, Tenny filed an application for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction. (ECF No. 91). Tenny's application sought to compel Verizon NJ to restore the terminated phones, restore the repair services, and prevent Verizon from suspending service to the remainder of Tenny's phones until this matter is adjudicated. ((Pl.'s Moving Br. at 1, ECF No. 91-4). On March 30, 2021, the Court, having considered Tenny's ex-parte application, denied Tenny's request for a Temporary Restraining Order finding that Tenny had "failed to meet the heightened standards of FRCP 65 (b)(A)" and directed the Clerk's Office to treat the application as a motion in the normal course. (Text Order, March 30, 2021, ECF No. 90). On April 19, 2021, Verizon NJ filed its opposition to Tenny's motion for emergent relief. (ECF No. 97). On April 26, 2021, Tenny filed its reply in further support of its for injunctive relief. (ECF No. 99).

## II.   LEGAL STANDARD

"Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks and citation omitted). "A plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence

4

of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 20 (2008) (citation omitted). The first two factors are the "most critical," and the Court considers these "gateway factors" before the third and fourth factors. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). Only if a plaintiff meets the threshold for these gateway factors does the Court consider the remaining factors; a plaintiff's failure to establish the gateway factors in its favor renders a preliminary injunction inappropriate.[4] *Id*.

To demonstrate irreparable harm, a movant has the burden of establishing a "clear showing of immediate irreparable injury." *Louis v. Bledsoe*, 438 F. App'x 129, 131 (3d Cir. 2011) (citation omitted). "Establishing a risk of irreparable harm is not enough [to warrant a preliminary injunction]." *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987); see also *Laidlaw, Inc. v. Student Transp. of Am.*, 20 F. Supp. 2d 727, 766 (D.N.J. 1998) ("[T]he claimed injury cannot merely be possible, speculative[,] or remote." (citation omitted)), holding abrogated by *ADP v. Rafferty*, 923 F.3d 113 (2019). Moreover, "the injury created by a failure to issue the requested injunction must be of a peculiar nature, so that compensation in money cannot atone for it." *Acierno v. New Castle City.*, 40 F.3d 645, 653 (3d Cir. 1994) (internal quotation marks and citation omitted).

## III. DISCUSSION

### A. Tenny's January 6, 2021 Letter to the FCC

As a preliminary matter, the Court addresses, Verizon NJ's contention that Plaintiff's motion is barred by 47 U.S.C. § 207. (Def. Opp. Br. at 6, ECF No. 97). Verizon NJ argues that Tenny's January 6, 2021 letter constituted an informal complaint to the FCC and thereby "foreclosed Tenny from raising those same issues with this Court." (*Id*. at 6).

---

[4] Because the irreparable harm factor is dispositive here, the Court declines to address Plaintiff's likelihood of success on the merits.

Tenny argues that Verizon NJ's "election of remedies argument is baseless" and the instant motion is not barred by 47 U.S.C. § 207. Specifically, Tenny asserts that the January 6, 2021 letter to the FCC was not a complaint. (Pl.'s Reply Br., ECF No. 99 at 12). According to Tenny, the letter simply "exposed Verizon [NJ]'s unwarranted demands that [were] adverse to Verizon NJ (and in which it only requested that the threats be stopped), does not *ipso facto* establish that [Tenny] elected an administrative damage remedy under 47 U.S.C. § 207 that precluded its action in this Federal Court." (*Id.* at 9).

> 47 U.S.C. § 207 (Recovery of damages) provides that,
>
> Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies.

Consequently, Tenny's letter to the FCC did in fact address issues substantially similar to those presently before this Court. Tenny ultimately withdrew the informal complaint, however, and there was no formal finding issued by the FCC. Moreover, at this point, there are neither ongoing FCC proceedings nor any indication of retention of jurisdiction by the FCC. Therefore, the Court finds that the instant motion is not precluded by 47 U.S.C. § 207.

### B. Tenny's Motion for a Preliminary Injunction - Irreparable Harm

Consistent with Third Circuit precedent, this Court need not analyze every factor of the preliminary injunction analysis because Plaintiff has not established a risk of irreparable harm. *See Beberman v. United States Department of State*, 675 Fed. Appx. 131, 135 (3d. Cir. 2017) (stating that "[b]ecause [plaintiff] has not established a risk of irreparable harm, the District Court did not act outside of its discretion in denying her motion for a preliminary injunction."); *Am. Express Travel*

*Related Servs., Inc. v. Sidamon–Eristoff*, 669 F.3d 359, 374 (3d Cir. 2012) (declining to address the remaining preliminary injunction factors when the plaintiff failed to meet one factor).

Here, Tenny argues that if the Court does not grant a Preliminary Injunction it will suffer irreparable harm. (Aff. Cory ¶ 6; ECF No. 91-2; Pl.'s Moving Br., ECF No. 91-4 at 8-9). Specifically, Tenny contends that Verizon NJ "wrongfully terminated services" prior to this Court's adjudication of this matter. (Pl.'s Reply Br., ECF No. 99 at 2). Tenny maintains that "Verizon [NJ] has neither good nor independent reason for requiring a letter of credit when Verizon [NJ] has sufficient security in accordance with the Agreement and the FCC which both limit deposits to two months." (*Id.* at 6). Ultimately, Tenny avers that if Verizon NJ is not compelled to restore services, Tenny will not be able to provide telephone services to its customers and "will result in significant harm to Tenny's business as well as its reputation." (Pl.'s Moving Br., ECF No. 91-4 at 8).

Verizon NJ argues that Plaintiff's motion for preliminary injunction should be denied because Plaintiff fails to show it will suffer irreparable harm from Verizon NJ's exercise of its contractual right to demand assurance of payment via a Letter of Credit. (Def. Opp. Br. at 1, ECF No. 97). Verizon NJ claims that,

> [s]ince it began providing payphone service to Tenny, Tenny has consistently failed to timely pay its bills. For example, Tenny paid $0 to Verizon NJ between November 2019 and December 2020…despite Verizon NJ having billed it $328,674.23 for service during that same period. Further, Verizon NJ claims that while it has billed $795,976.29 to Tenny since June 2018, and while Tenny has disputed only $131,054.64 of that amount with Verizon's finance team, Tenny has paid Verizon NJ only $156,312.55—less than 20% of the total billed.

(ECF No. 97 at 3) (internal citations omitted). Moreover, Verizon NJ states that it "included the assurance-of-payment clause in the Agreement to protect itself financially if [Plaintiff] demonstrated an unwillingness or inability to pay its bills." (ECF No. 97 at 4). Verizon NJ maintains that Tenny's phone lines were suspended because it refused to provide Verizon NJ with a Letter of Credit as Verizon NJ requested. (*Id.*) Verizon has affirmatively stated that it would restore Tenny's service

7

upon receipt of the requested assurance. (*Id*. at 10 ¶ 29). Verizon further offered to negotiate the assurance-of-payment amount. (*Id*. at 10 ¶ 28). Therefore, Verizon NJ argues that any harm suffered by Tenny is "self-inflicted" and insufficient to show irreparable injury (*Id*. at 4). The Court agrees.

First, to the extent that the harm about which Tenny complains is self-inflicted, Tenny cannot show irreparable harm under the preliminary injunction analysis. *See Caplan v. Fellheimer Eichen Braverman & Kaskey, 68 F.3d 828, 839 (3d Cir. 1995)*; *Borough of Palmyra, Bd. of Educ. v. F.C. Through R. C.,* 2 F.Supp.2d 637, 644 (D.N.J.1998). In this instance, Tenny was advised, on multiple occasions, that Verizon NJ would suspend its services if Tenny did not provide the assurance of payment requested in accordance with section 6.6 of the parties' Agreement. Tenny did not provide Verizon NJ with the Letter of Credit and therefore, Verizon NJ was within its rights to suspend its services to Tenny. It is well settled that self-created harms cannot be considered irreparable harms for the preliminary injunction inquiry. *See e.g., Caplan v. Fellheimer,* 68 F.3d at 839 ("If the harm complained of is self-inflicted, it does not qualify as irreparable.").

Next, the Court finds that a preliminary injunction is inappropriate because Tenny has not established that its alleged harm cannot be redressed by a legal remedy and that it cannot be compensated by monetary damages. Tenny's alleged harm to its business and reputation is economic. It is well settled that economic loss does not constitute irreparable harm. *Acierno v. New Castle County,* 40 F.3d at 653. In order to demonstrate irreparable harm, the [moving party] must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the [moving party] from harm. The "loss of potential business opportunities, profits, customers, or contracts is compensable by money damages and does not constitute irreparable injury." *Apollo Tech. Corp. v. Centrosphere Indus. Corp.,* 805 F. Supp. 1157, 1209 (D.N.J. 1992) (*citing Instant Air,* 882 F.2d at 801; *Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988); *In re Arthur*

8

*Treacher's Franchisee Litigation*, 689 F.2d 1137, 1141 (3d Cir. 1982)). The Third Circuit has observed that "even when an action will result in the destruction of a business," a district court's refusal to grant a preliminary injunction is appropriate when the loss is "capable of ascertainment and award at final judgment." *Figueroa v. Precision Surgical, Inc.*, No. 10–4449, 2011 WL 1368778, at 5 (3d. Cir. Apr. 12, 2011) (unpublished) (quoting *Instant Air*, 882 F.2d at 801)). The possibility that adequate compensatory or other corrective relief will be available in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. Though the Court is cognizant of Tenny's dependence on Verizon NJ for services, it cannot properly grant the extraordinary remedy of preliminary injunctive relief that Tenny seeks. The alleged harm is compensable by monetary damages and based on Verizon NJ's representations, avoidable if Tenny's were to provide assurance of payment (the amount of which Verizon NJ represented is negotiable).

Because Plaintiff fails to establish a likelihood of imminent, irreparable injury, which failure renders a preliminary injunction inappropriate, the Court denies Plaintiff's Emergent Motion for a Preliminary Injunction.

## IV.   CONCLUSION

For the reasons set forth in this Opinion, Plaintiff's request for Preliminary Injunction is **DENIED**. An appropriate Order accompanies this Opinion.


   /s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
**DATED: September 1, 2021**           **UNITED STATES DISTRICT JUDGE**