**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JULIEN XAVIER NEALS**
UNITED STATES DISTRICT JUDGE

**MARTIN LUTHER KING
BUILDING & U.S.
COURTHOUSE**
50 WALNUT STREET
NEWARK, NJ 07102
973-645-6042

June 2, 2022

**LETTER OPINION AND ORDER**

Re:   **Tenny Journal Communications, Inc. v. Verizon New Jersey, Inc.,** *et al.*
      **Civil Action No. 19-19183 (JXN) (AME)**

Dear Counsel:

      This matter comes before the Court by way of Defendants Verizon New Jersey Inc.'s and Verizon Pennsylvania LLC's (individually, "Verizon NJ" and "Verizon PA" and collectively, "Defendants") Motion to Strike, or in the alternative, for Partial Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 12(f). (ECF No. 121.) Plaintiff Tenny Journal Communications, Inc. ("Tenny" or "Plaintiff") opposes the motion (ECF No. 125), and Defendants filed a reply in further support of their motion (ECF No. 128). For the reasons explained below, Defendants' motion is **GRANTED in part** and **DENIED in part**.

**I.   BACKGROUND**

      Verizon NJ and Verizon PA are incumbent local exchange carriers ("incumbent LECs") that offer both retail and wholesale telecommunications service in New Jersey and Pennsylvania, respectively. (*See* ECF No. 112, Second Amended Complaint ("SAC") ¶¶ 1, 5.) Tenny is a New Jersey-based competitive local exchange carrier ("competitive LEC") that purchases service from Defendants pertaining to two separate agreements for the resale of telecommunications services, dated January 24, 2017, (the "PA Agreement") and January 26, 2017 (the "NJ Agreement" and together with "PA Agreement" the "Agreements"), which Tenny then uses to provide service to pay phones it operates in New Jersey and Pennsylvania. (*Id.* ¶¶ 7-8; 12-13.) This case arises from an ongoing dispute regarding the Agreements, which are governed by the laws of the state in which each Defendant does business, namely, Pennsylvania and New Jersey, respectively. (*Id.* ¶¶ 7-8, 10-11.) Tenny alleges that, after entering the Agreements, Defendants refused to provide the contracted-for services and "initialization codes" for the pay phones. (*Id.* ¶¶ 14-17.)

Tenny filed suit initially in the Superior Court of New Jersey in March of 2017, seeking to compel Defendants to turn-over the access codes for the pay phones and address "improper billing" issues. (*Id.* ¶ 24.) During that litigation, Tenny alleged it paid Verizon NJ a deposit of $80,000, but Verizon NJ did not provide services to all the pay phones covered by the NJ Agreement. (*Id.* ¶¶ 24-27.) Tenny filed a second suit against Defendants in the Superior Court of New Jersey on September 25, 2017, seeking to compel services and for improper billing. (*Id.* ¶ 28.) In May of 2018, the Superior Court granted Verizon PA's motion to dismiss for lack of personal jurisdiction. *See Tenny Journal Commc'ns, Inc. v. Verizon New Jersey Inc. for the State of New Jersey*, No. 19-19186, ECF No. 1-17. Tenny moved to add Verizon PA back into the case through a supplemental pleading, which motion the court similarly denied. *Id.*, at ECF No. 1-26. This second suit was eventually administratively dismissed for failure to prosecute, however, on September 9, 2019, the court issued an order restoring and bifurcating the litigation to two dockets: one for disputed charges and the refund with Verizon NJ (the "Billing Dispute"); and another for the remaining allegations. (SAC ¶ 32.)

On October 21, 2019, Verizon NJ removed both actions to this Court. (ECF No. 1.) The cases were consolidated under the instant Civil Action Number. (ECF No. 20.) On February 5, 2020, Tenny filed its First Amended Complaint, which broadly alleged that Defendants failed to meet their obligations under the respective Agreements by improperly charging Tenny for services, (*see*, e.g., ECF No. 21, Amended Complaint ¶¶ 37-43), and by failing to resolve disputes in good faith in the manner described in the Agreements, (*see*, e.g., *id.* ¶¶ 44-51). The First Amended Complaint consists of (1) breach of contract (First Count), (*id.* ¶¶ 65-74); (2) violation of the Communications Act (Second Count), (*id.* ¶¶ 75-89); (3) breach of the implied covenant of good faith and fair dealing (Third Count), (*id.* ¶¶ 90-96); (4) a claim against Verizon NJ for violation of the New Jersey Consumer Fraud Act ("NJCFA") (Fourth Count), (*id.* ¶¶ 97-101, 93A-98A); (5) a billing-dispute claim against Verizon NJ (Fifth Count), (*id.* ¶¶ 99A-106A); and (6) a similar billing dispute claim against Verizon PA (Sixth Count), (*id.* ¶¶ 107A-114A).

On February 19, 2020, Defendants moved to dismiss the First, Second, Third, and Fourth Counts against Verizon NJ for failure to state a claim, to dismiss all Counts against Verizon PA for lack of personal jurisdiction and for failure to state a claim. (*See* ECF No. 26-1; *see also* ECF No. 37.)

On September 28, 2020, District Judge Madeline Cox-Arleo ("Judge Arleo") granted Defendants' motion in its entirety and dismissed all but the Fifth Count—the billing-dispute claim against Verizon NJ. (*See* ECF 56, MTD Order.) Tenny then moved for reconsideration. (ECF No. 58.) Judge Arleo denied Tenny's motion for reconsideration but granted Tenny leave to amend only as to the Second Count. (ECF No. 109, Reconsideration Order at 6.) More specifically, Judge Arleo dismissed the Second Count without prejudice and permitted Plaintiff to file an amended pleading to identify a required predicate FCC order for the Second Count. (*Id.*)

Tenny filed a Second Amended Complaint, which repleaded its entire case, including those claims that Judge Arleo previously dismissed. (*See* ECF No. 112, SAC.) On July 26, 2021, Defendants filed the instant Motion to Strike, or, alternatively, Partial Motion to Dismiss the

2

Second Amended Complaint for failure to state a claim and lack of personal jurisdiction. (ECF No. 121.) Tenny filed an opposition, (ECF No. 125), and Defendants replied in further support (ECF No. 128).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The allegations "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a court accepts all factual allegations as true and draws all reasonable inferences in favor of the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), the allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. On a motion to dismiss for lack of personal jurisdiction, the court likewise "take[s] the allegations of the complaint as true." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). But although the allegations are presumed true, a plaintiff must allege "facts that would give rise to jurisdiction" if proved. *LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 477 (3d Cir. 2011) (unpublished).

Following the period for amending a pleading once as a matter of course, "a party may amend its pleading only with the opposing party's written consent *or the court's leave*." Fed. R. Civ. P. 15(a)(2) (emphasis added). Leave to amend a complaint "[is] addressed to the sound discretion of the district court." *Cureton v. National Collegiate Athletic Ass'n*, 252. F.3d 267, 272 (3d Cir. 2001). "A limited grant of leave to amend does not entitle [a plaintiff] to amend the complaint outside the scope of that leave." *T.J. McDermott Transp. Co. v. Cummins, Inc.*, 2017 WL 11476192, at *2 (D.N.J. Jan. 17, 2017). If the amended complaint "exceeds the scope of an allowed amendment," the appropriate remedy is to strike the unauthorized amendments under Federal Rule of Civil Procedure 12(f). *UFCW Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007); *see* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading...any redundant, immaterial, impertinent, or scandalous matter."). Use of Rule 12(f) is appropriate...because to hold otherwise would circumvent "the requirement that a plaintiff seek leave before amending its complaint." *UFCW*, 240 F.R.D. at 154. A district court may nevertheless refuse to allow an amendment that fails to state a cause of action. *Cureton*, at 273 (citations omitted).

### A. The Law of the Case.

The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation. The doctrine applies "as much to the decisions of a coordinate court in the same case as to a court's own decisions." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988). Because it prevents courts from entertaining endless appeals on the same issue, the doctrine promotes finality and judicial economy. "Law of the case rules have

3

developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." 18 Charles A. Wright, Arthur R. Miller, Edward Cooper, *Federal Practice and Procedure* § 4478 at 788 (1981). The law of the case doctrine does not limit a federal court's power; rather, it directs its exercise of discretion. *See Arizona v. California,* 460 U.S. 605, 619 (1983); *Messinger v. Anderson,* 225 U.S. 436, 444 (1912). The Supreme Court has elaborated on the scope and nature of this discretion:

> A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'

*Christianson,* 486 U.S. at 817 (citation omitted). The Third Circuit has recognized several "extraordinary circumstances" that warrant a court's reconsideration of an issue decided earlier in the course of litigation. They include situations in which: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice. *See Bridge v. U.S. Parole Commission,* 981 F.2d 97, 103 (3d Cir.1992); *Hayman Cash Register Co. v. Sarokin,* 669 F.2d 162, 169–70 (3d Cir.1982).

## III. DISCUSSION

This Court has subject-matter jurisdiction over this action because it "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1441(a). A claim "'arises under' an act of Congress regulating commerce (the Communications Act)" if, among other things, it "relies on tariffs that must be filed with the FCC." *MCI Telecomms. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1093-94 (3d Cir. 1995).

### A. Violation of the Communications Act (Second Count)

The Court will first address the Second Count of Plaintiff's SAC, which falls within the scope of the leave to amend allowed within Judge Cox Arleo's Reconsideration Order. (*See* Reconsideration Order at 6.) The Second Count alleges that Defendants violated the Federal Communications Act of 1996 (the "Communications Act") by discriminating against Tenny in their provision of telecommunications services. (*See* SAC. ¶¶ 96, 102.) Defendants argue that Plaintiff's claims under the Communications Act should be dismissed for failure to state a claim as Tenny failed to identify any Federal Communications Commission ("FCC") order that would make its alleged conduct unlawful. (ECF No. 125 at 13-19.)

> The Communications Act creates a private right of action for damages as follows: Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person

4

shall not have the right to pursue both such remedies.

47 U.S.C § 207.

A plaintiff is not entitled to a cause of action under section 207, however, "simply on the basis of its own determination that conduct was 'unjust or unreasonable.'" *Havens v. Mobex Network Servs., LLC*, 820 F.3d 80, 89 (3d Cir. 2016). Instead, the FCC must first determine that a particular practice constitutes an "unjust or unreasonable" practice under the Communications Act because the Act's broad language was meant "to empower the FCC to declare unlawful certain common carrier practices," not to empower individual litigants and district courts to shape this regulatory scheme. *Id.* at 90. A more common sense reading of the statute is that the FCC must first determine that a particular type of practice constitutes an "unjust or unreasonable" practice under § 201(b) before a plaintiff may bring a cause of action under § 207 based on that conduct. *Id.*

A private lawsuit is proper under § 207 only "*if* the FCC could properly hold that a carrier's failure to pay compensation is an 'unreasonable practice' deemed 'unlawful' under § 201(b)." *Id., citing Global Crossing Telecommunications, Inc. v. Metrophones Telecommunications, Inc.*, 550 U.S. 45, 52-53, 127 S.Ct. 1513 (2007).

Here, Tenny alleges at the Second Count of the SAC that Defendants acted unreasonably in contravention of the Communications Act and has pled a series of FCC Orders therein, which Tenny contends satisfies the requirement of *Havens*. (*See* SAC ¶¶ 99-100.) Specifically, Plaintiff points to the following FCC orders: In the Matter of MCI Communications Services, Inc., (d/b/a Verizon Business Services) Complainant v. Wide Voice, LLC, Defendant, 34 FCC Rcd. 11,010, 2019 WL 5861952, 34 F.C.C.R. 11,010, F.C.C. (A CLEC and an ILEC rate must be the same for comparable services.); In the Matter of Truth-In-Billing and Billing Format, 20 FCC Rcd. 644820 F.C.C.R. 6448, March 18, 2005 (It is a misleading practice for carriers to state or imply that a charge is required by the government when it is the carrier's business decision as to whether and how much of such costs they chose to recover directly.); In the Matter of Establishing Just and Reasonable Rates For Local Exchange Carriers, 22 FCC Rcd. 11629 (F.C.C.), 22 F.C.C.R. 11629, 41 Communications Reg. (P&F) 964, 2007 WL 1880323 (The rate charged by CLEC's and ILEC's must be the same and no higher than the maximum allowed.); All Am. Tel. Co. v. AT&T (All American II), 28 FCC Rcd. 3477, 3477 (2013), Memorandum Opinion and Order, *AT&T Servs., Inc. v. 123.net, Inc.*, 2020 WL 3501309 (FCC June 24, 2020);[1] (LEC-MI violated the Act by unlawful billing and collection of wrongful charges.); In the Matter of ChaseCom v A T & T Corp, FCC 11-5, Memorandum and Order, Jan. 20, 2011(The Act does not make the FCC a collection agent for alleged unpaid charges.) All Am. Tel. Co. v AT&T Corp., 26 FCC Rcd 723 Memorandum and Opinion, 2011 (The FCC in an unbroken line of precedent dating back to 1989 has held that a customer's refusal to pay charges specified in a tariff is not a violation of the Act.)

---

[1] The SAC refers to this order as "Federal Communications Commission (F.C.C.), Memorandum Opinion and Order, (2020 WL 3501309 (F.C.C.)" (SAC ¶ 99.)

5

In *AT&T Corp.*, the FCC stated the following:

> Although the facts of this case are complex, the underlying misconduct is simple—LEC-MI charged for services that it did not provide. The Act defines the obligations of carriers to behave in a just and reasonable manner, their tariffing duties, and their responsibility for those acting on their behalf. Under section 201(b) of the Act, "[a]ll charges, practices, classifications, and regulations for and in connection with [[[interstate or foreign] communication service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is declared to be unlawful."

*Id.* at *6402. A carrier violates section 201(b) when it bills for services it does not provide. *Id.* Further, In her Reconsideration Order, Judge Arleo addressed FCC Order—*In the Matter of AT&T Servs., Inc. & AT&T Corp., Complainants. v. 123.net, Inc. (d/b/a Loc. Exch. Carriers of Michigan &/or Prime Cirs.) Defendants.*, 35 F.C.C.R. 6401 (2020) ("*AT&T Corp.*")—stating that, "it appearing that this FCC order states that 'a carrier violates section 201(b) when it bills for services it does not provide,' (citation omitted) … and thus arguably provides a predicate for the allegations…." (Reconsideration Order at 5.)

Here, Plaintiff has alleged that Defendants charged for services that they did not provide, which the FCC has deemed an unreasonable and unlawful practice under § 201(b). Therefore, Plaintiff does possess a private right of action under § 207 and the Second Count of the SAC may proceed.

## B. The Remaining Counts of the Second Amended Complaint

On September 28, 2020, Judge Arleo granted Defendants' motion in its entirety and dismissed all but the Fifth Count—the billing-dispute claim against Verizon NJ. (*See* MTD Order.) Tenny then moved for reconsideration. (ECF No. 58.) Judge Arleo denied Tenny's motion for reconsideration but granted Tenny leave to amend only as to the Second Count. (Reconsideration Order at 6). More specifically, Judge Arleo dismissed the Second Count without prejudice and permitted Plaintiff to file an amended pleading to identify a required predicate FCC order for the Second Count. (*Id.*) Instead of filing a limited amended complaint consistent with Judge Arleo's Reconsideration Order, through its SAC Tenny attempts to replead its entire case, including all the claims previously dismissed by Judge Arleo. (*See* MTD Order.)

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *In re Cont'l Airlines, Inc.*, 279 F.3d 226, 233 (3d Cir. 2002) (quoting *Christianson*, 486 U.S. at 816); *see also Scudder v. Colgate Palmolive Co.*, No. 16-7433, 2018 WL 4188456, at *2 (D.N.J. Aug. 31, 2018) ("The law of the case doctrine 'limits relitigation of an issue once is has been decided' in the same case or litigation." (quoting *Hoffman v. City of Bethlehem*, 739 F. App'x 144, 150 (3d Cir. June 20, 2018)). The doctrine "promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" *In re Cont'l Airlines, Inc.*, 279 F.3d at

6

233 (quoting *Christianson*, 486 U.S. at 816)). As a result, a litigant is not provided with "a second opportunity to litigate a matter that has been fully considered by a court of coordinate jurisdiction, absent unusual circumstances." *Krys v. Aaron*, 106 F. Supp. 3d 472, 480 (D.N.J. 2015). The Third Circuit has recognized several "extraordinary circumstances" which would permit reconsideration of a prior decision. Such circumstances exist where (1) new evidence is available; (2) a supervening new law has been announced; (3) the order clarifies or corrects an earlier, ambiguous ruling; and (4) where a prior ruling, even if unambiguous, might lead to an unjust result. *See In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir.2009).

Here, Plaintiff asserts the same claims in the SAC as in the Amended Complaint. Plaintiff has not demonstrated any of the "extraordinary circumstances" that warrant a court's reconsideration of an issue decided earlier in the course of litigation. The Court concludes that the parties are bound by the MTD Order and the Reconsideration Order. Accordingly, all but the Second and Fifth Counts of the Complaint remain dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons it is hereby **ORDERED** that Defendants' Partial Motion to Dismiss (ECF No. 121) is **GRANTED in part** and **DENIED in part**. Defendants' Partial Motion to Dismiss the First, Third, Fourth and Sixth Counts is **GRANTED**, and those Counts are **DISMISSED with prejudice**. Defendants' Partial Motion to Dismiss the Second Count is **DENIED**.

Dated: June 2nd, 2022

JULIEN XAVIER NEALS
United States District Judge

7