NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TENNY JOURNAL COMMUNICATIONS, INC., | :    **Civil Action No. 19-19183-JXN-AME** <br> : <br> :    **REPORT and RECOMMENDATION** |
| Plaintiff, | : <br> : |
| v. | : <br> : |
| VERIZON NEW JERSEY INC., et al., | : <br> : |
| Defendants. | : |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court upon Defendant Verizon New Jersey Inc.'s ("Defendant" or "Verizon") motion [D.E. 150] to dismiss Plaintiff Tenny Journal Communications, Inc.'s ("Plaintiff" or "Tenny") claims with prejudice, to strike Tenny's answer to Verizon's counterclaims, and for default judgment on Verizon's counterclaims against Tenny. The Honorable Julien X. Neals, U.S.D.J., referred the motion for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). The Court has reviewed the motion papers and considers the motion based on those submissions. *See* Fed. R. Civ. P. 78(b). For the following reasons, this Court recommends that Defendant's motion be granted.

### I.    BACKGROUND

The Court shall only recite those facts that are relevant to the present motion. This litigation began in state court in 2017 and concerns a dispute between Tenny and Defendants pertaining to two separate agreements concerning the provision of telecommunications and

payphone services. [D.E. 139]. After this case was consolidated with another, 19-cv-19186 [D.E. 20], Plaintiff filed an amended complaint in February 2020. [D.E. 21]. Defendant then moved to dismiss certain of Plaintiff's claims [D.E. 26], and the District Court granted the motion. [D.E. 56]. Plaintiff subsequently filed a second amended complaint [D.E. 112], which Defendant moved to strike and/or partially dismiss. [D.E. 121]. The District Court granted in part and denied in part that motion on June 2, 2022 [D.E. 139], and Defendant filed an answer and counterclaims on June 16, 2022. [D.E. 140]. Plaintiff answered the counterclaims on June 27, 2022. [D.E. 141]. Plaintiff's remaining claims are its Communications Act claim and its billing dispute claim. Defendant's three counterclaims are for: breach of contract (Count I – Breach of January 26, 2017 Agreement), breach of contract (Count II – Breach of Product Guide), and a declaratory judgment claim (Count III) pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that Verizon's billings to Tenny are valid and that Tenny is required to pay the amounts due under the January 26, 2017 Agreement and the Product Guide.

On July 19, 2022, Plaintiff's counsel, Priscilla J. Triolo, Esq., moved to withdraw [D.E. 144], which this Court granted on August 9, 2022. [D.E. 146]. In the Order granting the motion, this Court explained that, unlike individual parties, corporate entities like Tenny can only appear in federal court through a licensed attorney. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). This Court therefore ordered Plaintiff Tenny to retain counsel within 30 days of the entry of the Order, and further ordered that if new counsel did not enter an appearance on behalf of Plaintiff Tenny within 30 days of the entry of the Order, Plaintiff's claims could be dismissed and the Court could enter default against Plaintiff on Defendant's counterclaims.

No new attorney has entered an appearance on behalf of Plaintiff during the several months since this Court permitted Ms. Triolo's withdrawal. This Court scheduled and then held a

status conference on September 13, 2022, and no one appeared on Plaintiff's behalf. [D.E. 148]. The Court then scheduled another conference for September 20, 2022, and warned beforehand that if "Tenny has not retained new counsel by the [September 20] conference …., and no one appears on behalf of Plaintiff for that conference, Defendant may seek relief based on Plaintiff's failure to retain counsel." *Id.* Plaintiff also failed to appear for the September 20, 2022 conference. Defendant then requested that the Clerk enter default against Plaintiff [D.E. 149], which the Clerk did on September 22, 2022. Defendant then filed this motion on October 4, 2022, which Plaintiff has not opposed.

## II.    DISCUSSION

### A.  Failure to Prosecute

Federal Rule of Civil Procedure 41(b) enables the Court to dismiss an action where "the plaintiff fails to prosecute or to comply with" the Federal Rules of Civil Procedure and/or a "court order." Fed. R. Civ. P. 41(b). In *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the party's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim. *Id.* at 868. No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

Here, the Court finds that the *Poulis* factors weigh strongly in favor of dismissal of

Plaintiff's claims. First, Tenny is responsible for having no attorney. Tenny's principal ceased communicating with Ms. Triolo except to confirm that her firm could not continue representing Tenny [D.E. 144-1], and Tenny did not hire a new attorney even after this Court directed that it could not proceed *pro se*. Second, permitting Plaintiff's case to go forward after Plaintiff has demonstrated an apparent refusal to participate or comply with Court orders would prejudice Defendants for reasons too obvious to recite. Third, this Court has given Plaintiff ample time to retain new counsel and several warnings regarding the consequences of not retaining new counsel, but Tenny ignored the Court's orders and wasted the Court's time by failing to appear for multiple conferences. Fourth, the Court must conclude that Tenny's conduct has been willful given its continued unresponsiveness and lack of interest in advancing its own claims. Fifth, Plaintiff's record of unresponsiveness and failure to prosecute its case suggests that alternative sanctions would be futile. Sixth, even if Plaintiff's claims may have some merit, Plaintiff has apparently abandoned them. Indeed, Plaintiff did not even bother to oppose this motion. In sum, the Court recommends involuntary dismissal of Plaintiff's claims, with prejudice, under Rule 41(b), given Plaintiff's record of unresponsiveness and its demonstrated lack of interest in pressing its claims.

### B. Jurisdiction Over Defendant's Counterclaims

Verizon's counterclaims include two state law breach of contract claims and one claim for a declaratory judgment.[1] According to Verizon, the Court has subject matter jurisdiction over

---

[1] Although Defendant's declaratory judgment claim was brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that statute "provides a means of relief, and does not itself confer jurisdiction." *SEI Glob. Servs. v. SS&C Advent*, 496 F. Supp. 3d 883, 902 (E.D. Pa. 2020). Moreover, the claim concerns state law contractual rights, and New Jersey law also allows for courts to issue declaratory judgments. *See generally* N.J. Stat. Ann. § 2A:16-50 *et seq*. Thus,

its counterclaims "pursuant to 28 U.S.C. § 1367, because [Verizon's] counterclaims are compulsory counterclaims that form part of the same case or controversy under Article III of the Constitution as Tenny's claims. Verizon's counterclaims are compulsory counterclaims under Federal Rule of Civil Procedure 13(a) because they arise out of the same transactions and occurrences as Tenny's claims." Answer [D.E. 140] at 28.

In light of the Court's recommendation that Plaintiff's claims be dismissed, the next question is whether the Court should continue to exercise jurisdiction over Defendant's counterclaims. Subsection 1367(c) permits a court to decline to exercise supplemental jurisdiction over a claim if, *inter alia*, the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

Here, it appears that sufficient affirmative equitable justifications exist to depart from the usual approach and for the District Court to resolve Defendant's pendent state counterclaims. Indeed, this case has been litigated in federal court for over three years, the District Court has written several opinions deciding substantial motions brought by the parties, and the case could now be completely resolved by this pending motion. In this Court's view, declining jurisdiction

---

Defendant's declaratory judgment counterclaim (Count III) does not arise under federal law for jurisdictional purposes.

and requiring Verizon to institute a new action in state court to recover on its claims against Tenny would not promote judicial economy, convenience, or fairness to the parties and, rather, could contravene those interests. However, this Court's recommendation below is conditioned upon the District Court's continued exercise of supplemental jurisdiction over Defendant's counterclaims, a decision that rests within the District Court's sole discretion.

### C.  Striking Plaintiff's Answer to Defendant's Counterclaims

Should the District Court choose to exercise supplemental jurisdiction over Defendant's counterclaims, the next question is whether Plaintiff's answer to those counterclaims should be stricken. As the Court noted above, "a corporation may appear in the federal courts only through licensed counsel." *Rowland*, 506 U.S. at 201-02. Even where a corporation has appeared and filed an answer through counsel, if that attorney later withdraws and is not replaced by new counsel within a reasonable time, the party's answer will be stricken. *Shekia Grp., LLC v. Wholesale Cabinetry, LLC*, No. 17-1477, 2019 U.S. Dist. LEXIS 96075, at *1 (D.N.J. May 2, 2019) (adopted by *Shekia Grp., LLC v. Wholesale Cabinetry, LLC*, 2019 U.S. Dist. LEXIS 95064 (D.N.J. June 6, 2019)). Here, given Plaintiff's failure to retain new counsel during the ample period since this Court granted Ms. Triolo's withdrawal, and the application of the *Poulis* factors to this case, as discussed above, the Court recommends that Plaintiff's answer to Defendant's counterclaims be stricken.

### D.  Default Judgment on Defendant's Counterclaims

Federal Rule of Civil Procedure 55 governs the default judgment process. The first step is to obtain an entry of default under Rule 55(a). *See* Fed. R. Civ. P. 55(a), (b)(2). Here, the Clerk entered default against Plaintiff on September 22, 2022, and the Court finds that such entry was appropriate given Plaintiff's failure to retain new counsel, as discussed above.

After a party obtains default, Rule 55(b) allows courts to enter a judgment by default on motion of that party. Fed. R. Civ. P. 55(b). Entry of default judgment is left to the court's discretion. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). As a threshold matter, the Court must ensure that "the unchallenged facts" in the complaint give rise to a "legitimate cause of action." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008). In conducting that assessment, the Court assumes as true all allegations in the complaint, except legal conclusions and allegations regarding damages. *See DIRECTV, Inc. V. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir. 2005) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). Under New Jersey law, the elements of a breach of contract claim are: "a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." *Peck v. Donovan*, 565 Fed. App'x. 66, 70 (3d Cir. 2012) (quoting *Murphy v. Implicito*, 392 N.J. Super. 245, 920 A.2d 678, 689 (N.J. App. Div. 2007)). Here, the Court has reviewed Defendant's counterclaims, which allege that Verizon provided wholesale telecommunications services and customer-provided pay-telephone services under valid contracts and that Tenny failed to pay for those services in breach of the parties' contracts. The Court finds that Defendant has adequately alleged straightforward claims for breach of contract and a declaratory judgment concerning the parties' contractual rights.

The next step in evaluating whether to enter default judgment is to consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

The Court finds that these factors weigh in favor of granting Defendant's motion. First, Verizon would be prejudiced absent default judgment. This litigation has gone on since 2017,

and Verizon has expended resources on motion practice, discovery, and various additional filings. But since July 2022, when it caused Ms. Triolo to move to withdraw, Tenny has effectively derailed the case. Tenny has given no indication that it is actively trying to obtain new counsel or that it wishes to participate further in this case. Given the length of the delay, it appears that Verizon's only pathway to resolution is through default judgment. Second, the Court has reviewed Tenny's answer to the counterclaims and has not identified any obvious defense Tenny can assert. Rather, Tenny's Answer "consists of simple denials" and barebone "legal defenses, without further elaboration or reference to the specific facts." *See Price Home Grp., LLC v. Ritz-Craft Corp. of Pa.*, No. 16-668, 2017 WL 5191807, at *4 (D.N.J. Nov. 8, 2017). That is, Tenny's remaining chance to prevail in this suit is to dispute Verizon's factual allegations at trial. The presence of a factual dispute does not weigh against the Court entering default judgment in this case. *MicroBilt Corp. v. Bail Integrity Sols., Inc.,* No. 19-637, 2022 WL 2910462, at *4 (D.N.J. July 21, 2022). Third, Tenny is directly responsible for the delay in this matter. Notwithstanding this Court's repeated warnings, Tenny has not hired counsel and has not appeared for conferences with the Court, in defiance of this Court's orders. Considering these warnings, Tenny's inaction "can only be deemed willful and intentional." *Price Home Grp.*, 2017 WL 5191807, at *4.

Finding default judgment warranted, the issue turns to damages. "Default does not establish liability for the amount of damages claimed by the plaintiff." *Trucking Dups. of N. Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc.*, No. 08-02782, 2009 U.S. Dist. LEXIS 100055, 2009 WL 3584358, at *3 (D.N.J. Oct. 27, 2009). Pursuant to Rule 55(b)(2) the court "may conduct hearings" in order "to determine the amount of damages." To ascertain the appropriate amount of damages, courts may permit or order the submission of additional

evidence to support the allegations of damages or conduct hearings. *IBEW Loc. 351 Pension Fund v. George Sparks, Inc.*, No. 14-2149, 2015 U.S. Dist. LEXIS 21744, at *2 (D.N.J. Feb. 24, 2015); Fed. R. Civ. P. 55(b)(2). However, "the Court is not required to conduct such hearings 'as long as it ensures that there is a basis for the damages specified in the default judgment.'" *IBEW Loc. 351 Pension Fund*, 2015 U.S. Dist. LEXIS 21744, at *2 (quoting *Trucking Employees of North Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc.*, Civil No. 08-2782, 2009 U.S. Dist. LEXIS 100055, 2009 WL 3584358, at *3 (D.N.J. Oct.27, 2009)). For example, a hearing is unnecessary when the movant submits "detailed affidavits and documentary evidence" to support the claims for damages. *See IBEW Loc. 351 Pension Fund*, 2015 U.S. Dist. LEXIS 21744, at *2. "Additionally, if the damages are for a 'sum certain or for a sum which can by computation be made certain, a further evidentiary inquiry is not necessary and a district court may enter final judgment.'" *Id.* at *2 (citing *Bds. of Trs. of the Operating Eng'rs Local 825 Welfare Fund v. Robert Silagy Landscaping, Inc.*, No. 06-1795, 2006 U.S. Dist. LEXIS 82475, at *9 (D.N.J. Nov. 9, 2006)).

Here, Defendant seeks damages in the amount of $764,959.39, which is composed of $505,288.62 in charges for services that Verizon provided to Tenny, as well as $259,670.77 in late charges as authorized by section 9.4 of the January 26, 2017 Agreement. That section of the agreement provides that late fees "shall not exceed" 1.5% per month. [D.E. 97-2]. But Defendant has not provided the Court with the type of billing records, invoices, or other supporting documentation that other courts have relied upon when awarding damages in connection with a default judgment. *See Trs. of Int'l Union v. Rocon, Inc.,* No. 21-8534 (KMW)(MJS), 2022 U.S. Dist. LEXIS 13990, at *12 (D.N.J. Jan. 26, 2022) (awarding damages in a default judgment where the "amount is a sum certain based on the detailed invoices and documentation provided

by Plaintiffs in support of the Motion showing the delinquent payments"). Defendant also provided no calculations supporting its request for late charges. *See TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, No. 12-03355, 2016 U.S. Dist. LEXIS 20935, at *6-7 (D.N.J. Feb. 22, 2016) ("To properly determine any amount of damages to which Plaintiff is entitled, the Court must receive an affidavit justifying an award of damages and explaining how those damages have been calculated."). Thus, this Court recommends that Defendant be ordered to provide documentary evidence, such as billing documents or invoices, and/or detailed affidavits including any calculations necessary to arrive at the final amounts Defendant seeks.

## III.   CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Defendant's motion for default judgment [D.E. 150] be granted, but that the District Court reserve on the issue of damages, and order Defendant to provide additional documentation and calculations in support of its claimed damages.

                                         /s/ *André M. Espinosa*
                                         ANDRÉ M. ESPINOSA
                                         United States Magistrate Judge

Dated:  December 19, 2022