UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TENNY JOURNAL COMMUNICATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON NEW JERSEY INC., *et al.*,<br><br>Defendants. | Civil Action No. 19-19183 (JXN) (AME)<br><br>**ORDER** |

**NEALS**, District Judge,

    **THIS MATTER** comes before the Court by way of Defendant Verizon New Jersey Inc.'s ("Defendant" or "Verizon") unopposed motion to dismiss the remaining claims in Plaintiff Tenny Journal Communications, Inc.'s ("Plaintiff" or "Tenny") Second Amended Complaint for failure to prosecute, to strike Tenny's Answer to Verizon's counterclaims, and for default judgment on Verizon's counterclaims against Tenny (ECF No. 150). The Court referred Defendant's motion to the Honorable André M. Espinosa, U.S.M.J., ("Judge Espinosa"), pursuant to 28 U.S.C. § 636 (b)(1). Judge Espinosa filed a Report and Recommendation ("R & R") in connection with said motion on December 19, 2022, recommending that Defendant's motion (ECF No. 150) be granted. (ECF No. 151.) The Court having reviewed the reasons set forth by Judge Espinosa in the R & R, with no objections filed, and for good cause shown,

    **IT IS** on this 10th day of January 2023,

    **ORDERED** that the R & R of Judge Espinosa filed December 19, 2022, (ECF No. 151), is hereby **ADOPTED** as the findings of fact and conclusions of law of this Court; it is further

**ORDERED** that the Second and Fifth Counts in Plaintiff's Second Amended Complaint (ECF No. 112) are **DISMISSED WITH PREJUDICE**, pursuant to Rule 41(b)[1]; it is further

**ORDERED** that Plaintiff's Answer to Defendant's Counterclaims (ECF No. 141) is **STRICKEN**; it is further

**ORDERED** that default judgment is **GRANTED** in favor of Defendants on their counterclaims (ECF No. 140); and it is further

**ORDERED** that by **January 31, 2023,** Defendant shall provide documentary evidence, such as billing documents or invoices, and/or detailed affidavits, including any calculations necessary, to support the $764,959.39 that Defendant seeks as damages. The Court will enter the total amount of final judgment upon the appropriate showing of proof.

JULIEN XAVIER NEALS
United States District Judge

---

[1] Under 28 U.S.C. § 1367(a), the federal district court has supplemental jurisdiction over related state law claims and parties whenever jurisdiction is based, at least in part, on federal question jurisdiction. As Plaintiff's federal claims—the bases for this Court's subject matter jurisdiction—have been dismissed, this Court is left with a discretionary choice whether to retain supplemental jurisdiction, under 28 U.S.C. § 1367, over Defendant's pendant state counterclaims. In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc.*, 983 F.2d at 1284 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Here, the Court agrees with Judge Espinosa's finding that "declining [to exercise supplemental] jurisdiction and requiring Verizon to institute a new action in state court to recover on its claims against Tenny would not promote judicial economy, convenience, or fairness to the parties and, rather, could contravene those interests." (*See* ECF No. 151 at 5-6.) Consequently, the Court will exercise supplemental jurisdiction over Defendant's counterclaims pursuant to 28 U.S.C. § 1367(a).